## Robert's License

*George J. Barco,* for appellant.

*Samuel J. Roberts,* for Pennsylvania Liquor Control Board.

KENT, P. J., December 19, 1947.—The matter under consideration is an appeal by George I. Roberts, licensee and proprietor of a licensed restaurant located at

964 Water Street, Meadville, Pa., and known as The G. I. Restaurant and Bar, from the action of the Pennsylvania Liquor Control Board, wherein the following opinion and order was offered in evidence, by the board, and from which we now quote:

"On September 25, 1946, upon application duly made and the filing of a license bond, the Pennsylvania Liquor Control Board issued to George I. Roberts, a Restaurant Liquor License No. TR7951 for premises No. 964 Water Street, known as 'The G. I. Restaurant and Bar,' in the City of Meadville and County of Crawford, which under date of June 9, 1947, was changed to ZTR-7951. The said license expired on July 31, 1947.

"On August 18, 1947, the board issued a citation to the said licensee to show cause why the said license should not be revoked and the bond forfeited by reason of the violations alleged therein. The said citation and notice of the time of hearing were sent by registered mail to the licensee at his licensed premises on September 5, 1947, as required by Section 410 of the Pennsylvania Liquor Control Act."

At a hearing on the citation held on September 19, 1947, which was attended by licensee, the evidence adduced does not, in our opinion, establish the averred facts, that:

"On July 11, 1947, on July 12, 1947, and on July 16, 1947, the licensee, his servants, agents or employees sold, furnished and/or gave liquor and/or malt or brewed beverages to visibly intoxicated persons; that

"On July 11, 1947, on July 12, 1947, and on July 16, 1947, the licensed establishment has been maintained in an insanitary condition."

Neither does the evidence support or warrant the entry of the following order:

"Now, October 28, 1947, for the foregoing reasons, the Restaurant Liquor License No. ZTR-7951, issued to George I. Roberts, for premises at No. 964 Water Street, known as 'The G. I. Restaurant and Bar,' in

the City of Meadville and County of Crawford, for the license year beginning August 1, 1946, and ending July 31, 1948, is hereby suspended for a period of thirty (30) days, beginning at seven o'clock a. m., Friday, November 21, 1947, and ending at seven o'clock a. m., Monday, December 22, 1947."

It is from this action that the present appeal was taken and allowed by the court on November 7, 1947. Our duty is to hear the matters at issue de novo and we are limited in our analysis to the testimony introduced at the said hearing. We do not have the testimony taken before the board before us. Our duty is to determine only abuse of the discretionary power of the board. We do not supersede the board, nor do we displace the board; we correct only where correction is necessary, where it is shown that the board has abused or misplaced its authority, within its wide scope of discretion: Betoff's License, 36 D. & C. 32; Tragesser v. Cooper et al., 313 Pa. 10. Every case must stand on its own feet and the sole purpose of an appeal is to prevent an unreasonable or arbitrary exercise of power or an abuse of discretion on the part of the Liquor Control Board: In re Atwood Hotel License, 21 D. & C. 345.

The Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, sec. 602, (e) (5), provides:

"It shall be unlawful for any licensee, . . . or any employee, servant or agent of such licensee or of the board, . . . to permit any liquor or malt or brewed beverages to be sold, furnished, or given, to any person visibly intoxicated . . . ."

This case presents some very interesting and perplexing questions for our consideration at this time. The testimony now before the court very clearly and definitely establishes the fact that appellant was issued a restaurant liquor license for the premises herein mentioned and described, September 25, 1946, which expired July 31, 1947, and that at the expiration

thereof a renewal license was granted, when, we do not know. No date has been established or given, but it must have been around July 31, 1947.

After a careful review of the evidence we can but conclude that there is an absolute lack of evidence to establish any violation of law or *insanitary* condition existing after the issuing of the renewal license. The order of the board, for an undercover investigation by out of the local district investigators, who by their own testimony convicted themselves of, a violation of the law in the performance of their duties, does not savor of fair and lawful dealings. This court abhors such actions and tactics. We are frank in saying that such does not meet with our approval, to say nothing as to the effect upon the credibility of the particular witnesses. We incline to the belief that officers and agents cannot be upheld in the commission of unlawful acts in gathering information against licensees. Why did these agents of the board permit and allow liquor to be sold, furnished or given to persons visibly intoxicated, in violation of the provisions of the Pennsylvania Liquor Control Act? Why did the board grant a renewal license, when it was in possession of information warranting an undercover investigation? We are unable to find authority in the board to grant a renewal of a license for the sole purpose of inflicting punishment upon an alleged violator of the law and its rules, neither are we referred to any such authority, and particularly so when the alleged charges were in connection with the management and conduct of a lawful business committed prior to the expiration of a former license, legally granted to the alleged violating licensee. Such conduct savors greatly of trickery.

If the board erred in its legal conclusions of law or deductions of fact, such error would, in our opinion, be an abuse of discretion and would require the sustaining of the appeal. Consequently, after a very careful review of the record and the testimony at the

hearing de novo, to which we are limited in our analysis, in the instant case, we can but conclude that the board committed such substantial error as amounts to an abuse of discretion and requires a sustaining of the appeal, with a cancellation of the order of suspension entered October 28, 1947.

Now, December 19, 1947, the appeal is hereby sustained, and it is directed that the renewal license no. R-7951 for the license year beginning August 1, 1947, and ending July 31, 1948, suspended for a period of 30 days, beginning at seven o'clock a. m., Friday, November 21, 1947, and ending at seven o'clock a. m., Monday, December 22, 1947, be reinstated by the Pennsylvania Liquor Control Board, as of the date of its issuance, and further, the suspension thereof entered October 28, 1947, be and hereby is vacated and set aside and declared to be of no effect from the date of its entry as prayed for and for so doing this shall be sufficient warrant and authority. Costs of the appeal to be paid by the Liquor Control Board.